UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY | ) ) ) |
| and | ) ) |
| 3M COMPANY, | ) ) |
|  | ) Civil Action No. 0:09-CV-03519-PJS-AJB |
| Plaintiffs, | ) ) |
| v. | ) ) |
| JEFF & COMPANY, LLC, d/b/a DECK THE RAILS | ) ) ) |
| Defendant. | ) ) |

_____)

## CONSENT JUDGMENT

3M Innovative Properties Company ("3M IPC") and 3M Company (hereafter collectively "3M"), Plaintiffs, and Jeff & Company, LLC, d/b/a Deck the Rails ("Deck the Rails"), Defendant, have agreed to resolve this matter amicably by the entry of this Consent Judgment. It is therefore found, adjudged, and decreed as follows:

## Findings of Fact

1.      3M IPC and 3M Company are Delaware corporations having their principal place of business at the 3M Center, St. Paul, Minnesota 55133-3427. 3M Company is in the business of manufacturing and selling a wide variety of consumer, commercial, and industrial products, including products incorporating stretch removable adhesive strips.

2.      Jeff & Company is a Georgia limited liability company having its principal place of business at 4105 Westchester Lane NE, Atlanta, GA 30345.  Jeff & Company conducts business under the name Deck the Rails.  Jeff & Company and Deck the Rails are hereinafter referred to collectively as "Deck the Rails."  Deck the Rails is in the business of, *inter alia*, manufacturing and selling decorating clips and related products employing stretch removable adhesive strips.

3.      On November 23, 1999, United States Patent No. 5,989,708 ("the '708 Patent") entitled "Removable Adhesive Tape" was duly and legally issued by the United States Patent and Trademark Office.

4.      On March 4, 2003, United States Patent No. 6,527,900 ("the '900 Patent") also entitled "Removable Adhesive Tape" was duly and legally issued by the United States Patent and Trademark Office.

5.      3M IPC owns the '708 Patent and the '900 Patent by assignment.  3M Company is the exclusive licensee of the '708 Patent and the '900 Patent.

6.      3M Company is the owner of the trademark COMMAND as used in connection with a variety of products including, without limitation, adhesive strips and tapes for mounting purposes for household and office use, and hooks, clips, shelves, caddies, mirrors, organizers, and other objects that are mounted to walls or other surfaces.

7.      On July 15, 1997, the United States Patent and Trademark Office duly issued Registration No. 2,079,851 for use of the COMMAND mark in connection with

adhesives for attaching utility hooks and other objects to flat surfaces.  That registration is owned by 3M Company, and is incontestable.

8.      On June 24, 2003, the United States Patent and Trademark Office duly issued Registration No. 2,729,051 for use of the COMMAND mark in connection with adhesive strips and adhesive strips sold together with, *inter alia*, decorating clips.  That registration is owned by 3M Company, and is incontestable.

9.      3M Company and 3M IPC brought this action for patent infringement, trademark infringement and unfair competition, deceptive trade practices, and unlawful trade practices against Deck the Rails on December 9, 2009.

10.     Defendants have waived service of process of the Summons and Complaint, have appeared, by their undersigned attorneys, and have consented to jurisdiction and venue.

11.     Deck the Rails has manufactured, used, sold, and/or offered to sell decorating clips and related products employing stretch removable adhesive strips including products designated as the Garland Grabbers products, hereinafter the "Infringing Products," employing stretch removable adhesive strips that infringe the '708 Patent and the '900 Patent.

12.     Deck the Rails has used 3M's name and 3M's COMMAND trademark without authorization or permission by 3M to promote the Infringing Products.  The Infringing Products did not contain genuine COMMAND components or materials, nor any other components or materials that were made or sold by 3M.

13.     The Parties seek to terminate this litigation through this Consent Judgment.

14.     Any Finding of Fact which is deemed to be a Conclusion of Law is hereby adopted as such.

## Conclusions of Law

15.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§271, 281-285, trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §1051 *et seq*.;  deceptive trade practices arising under the Minnesota Deceptive Trade Practices Act, Minn. Stat §325D.43 *et seq*.; unlawful trade practices under the Minnesota Unlawful Trade Practices Act, Minn. Stat. §325D.09 *et seq*.; and common law trademark infringement and unfair competition.

16.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§1331 and 1338(a), and 15 U.S.C. §1121(a).  This Court has subject matter jurisdiction over the supplemental state claims pursuant to 28 U.S.C. §§1338(b) and 1367(a).  Because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, this Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332.

17.     This Court has personal jurisdiction over Defendant Deck the Rails because, *inter alia*: (1) Deck the Rails does business throughout the United States, including in this judicial district; and (2) under the Minnesota Long Arm Statute, Minn. Stat. §543.19, Deck the Rails transacts business in Minnesota and/or has committed acts

of patent infringement, trademark infringement, and/or unfair competition within and/or

outside Minnesota that have caused injury in Minnesota.

18.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§1391(b),

1391(c), and 1400(b).

19.     3M IPC is the assignee of the '708 Patent and the '900 Patent, and 3M

Company is an exclusive licensee under the '708 Patent and the '900 Patent.

20.     Each claim of the '708 Patent and the '900 Patent is valid and enforceable

for all purposes, including this action, any other action for infringement of the '708

Patent and the '900 Patent in any court even though the products alleged to infringe in

any other such action may be different from the Infringing Products in this action, or in

any proceeding in the United States Patent and Trademark Office.

21.     The parties intend and this Court explicitly orders that the issues of validity

and enforceability are hereby finally concluded and disposed of and that this Consent

Judgment bars Defendants from contending in this action, or any other proceeding that

the claims of the '708 Patent and the '900 Patent are invalid or unenforceable as to past,

present, or future products, even though the products alleged to infringe in any other such

action may be different from the Infringing Products in this action.

22.     One or more claims of the '708 Patent and the '900 Patent are infringed by

Defendants' manufacture, use, sale, offer for sale, and/or importation of the Infringing

Products.

23.     3M's federal trademark registration no. 2,079,851 and federal trademark registration no. 2,729,051 for use of the COMMAND mark are valid and enforceable for all purposes, including this action, any other action for infringement of the 2,079,851 and 2,729,051 registration in any court or in any proceeding in the United States Patent and Trademark Office.

24.     Deck the Rails' unauthorized use of 3M's federally-registered, incontestable COMMAND trademarks constitutes infringement of 3M's rights in and to 3M's federally registered COMMAND marks, as described in the 2,079,851 and 2,729,051 registrations, with intent to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114(1).

25.     Deck the Rails' unauthorized use of 3M's name and COMMAND mark constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

26.     Deck the Rails' actions constitute deceptive trade practices in violation of Minn. Stat. §325 D. 44, including Minn. Stat. §325 D. 44, subdivisions (1) through (5).

27.     Deck the Rails' actions constitute unlawful trade practices in violation of Minn. Stat. §325D.09 *et seq*.

28.     Deck the Rails' actions constitute infringement of 3M's COMMAND trademark rights in violation of the common law of Minnesota.

29.     Deck the Rails' actions constitute unfair competition in violation of the common law of Minnesota.

- 6 -

30.     This Judgment shall finally conclude and dispose of this litigation and as to all parties shall be entitled to issue preclusion, claim preclusion, res judicata and collateral estoppel effect in future litigation or Patent and Trademark Office proceedings related to the '708 Patent, the '900 Patent, federal trademark registration no. 2,079,851, and federal trademark registration no. 2,729,051.  The parties and this Court explicitly intend such issue preclusion, claim preclusion, res judicata and collateral estoppel effects to extend to the issues of infringement, validity, and enforceability regarding any claim of the '708 Patent and the '900 Patent whether raised in a court proceeding, Patent Office proceeding, reexamination, reissue, or other dispute.

31.     Any Conclusion of Law which is deemed to be a Finding of Fact is hereby adopted as such.


IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED that:

A.      The Release of Defendants for past infringement shall be in accordance with the Parties' Settlement Agreement and Release having an effective date of June 30, 2010 (the "Settlement Agreement").

B.      Defendants, their parents, subsidiaries, and affiliated companies, and the officers, agents, servants, employees, attorneys, successors, and assigns of any of them, and all other persons in active concert or participation with, through, or under Defendants are hereby permanently restrained and enjoined during the unexpired term of the '708 Patent and the '900 Patent, from directly, contributorily, or by inducement, making,

causing to be made, using or causing to be used, selling, offering for sale, causing to be sold, or importing Infringing Products or any other products that infringe the '708 Patent and the '900 Patent.

C.      This Court retains exclusive jurisdiction of this action and the parties hereto for the purpose of insuring compliance with this Consent Judgment and the Settlement Agreement.

D.      All issues pertaining to damages have been settled by the parties in the Settlement Agreement, and the Settlement Agreement shall be binding on the parties notwithstanding that the '708 Patent and the '900 Patent may be held invalid or unenforceable in any other proceedings, or may be held to be not infringed by products in any other proceedings.

E.      Defendants, their parents, subsidiaries, and affiliated companies, and the officers, agents, servants, employees, attorneys, successors, and assigns of any of them, and all other persons in active concert or participation with, through, or under Defendants are hereby permanently restrained and enjoined from using 3M, COMMAND or any other name or mark confusingly similar thereto on or in association with adhesive strips or tapes for mounting purposes for household or office use, or hooks, clips, shelves, caddies, mirrors, organizers, or other objects that are mounted to walls or other surfaces, or other similar or related goods or services.

F.      Defendants, their parents, subsidiaries, and affiliated companies, and the officers, agents, servants, employees, attorneys, successors, and assigns of any of them,

and all other persons in active concert or participation with, through, or under Defendants are hereby permanently restrained and enjoined from using any words, names, styles, titles, logos, or marks that are likely to cause confusion or mistake, or to deceive, or that may otherwise mislead the trade or the public into believing that Deck the Rails or its business is in some way connected, affiliated, or associated with 3M, or that Deck the Rails' products, or any component thereof, originates with 3M or are offered with the approval, consent, authorization, or under the supervision of 3M.  Such enjoined uses include but are not limited to

      a.     Use of the designation 3M or COMMAND, or any confusingly similar variations of the 3M or COMMAND designation, alone or in combination with other words or designs, as a trademark for adhesive strips or tapes for mounting purposes for household or office use, or hooks, clips, shelves, caddies, mirrors, organizers, or other objects that are mounted to walls or other surfaces,  or other similar or related goods or services;

      b.     Use of the designation 3M or COMMAND, or any confusingly similar variations of the 3M or COMMAND designations, alone or in combination with other words or designs, as a trade name or service mark component, or as an Internet domain name;

      c.     Seeking to register any trade name, trademark, service mark, domain name, or other designation containing the designation 3M or COMMAND, or any confusingly similar variations of the 3M or COMMAND designations, alone or in

combination with other words or designs, in connection with adhesive strips or tapes for mounting purposes for household or office use, or hooks, clips, shelves, caddies, mirrors, organizers, or other objects that are mounted to walls or other surfaces,  or other similar or related goods or services;

        d.      Use of the designation 3M or COMMAND, or any confusing similar variations of the 3M or COMMAND designations, on or in connection with any of Deck the Rails' materials including product packaging, product labels, social media, and Internet website, or to market, advertise, or identify Deck the Rails' products or services;

        e.      Use of the terms 3M or COMMAND, or any confusingly similar terms, as a metatag in an Internet website, as visible or non-visible text on an Internet website, or as an adword, keyword, or paid search term for Internet advertising;

        f.      Any other act likely to infringe or dilute the 3M or COMMAND marks, or to induce the mistaken belief that Deck the Rails or its products, services, or commercial activities are in any way affiliated, connected, or associated with 3M or its products or services.

        G.      Defendants, their parents, subsidiaries, and affiliated companies, and the officers, agents, servants, employees, attorneys, successors, and assigns of any of them, and all other persons in active concert or participation with, through, or under Defendants are hereby permanently restrained and enjoined from using any words, names, styles, titles, or marks which create a likelihood of injury to the business reputation of 3M or the goodwill associated therewith.

H.     Defendants, their parents, subsidiaries, and affiliated companies, and the officers, agents, servants, employees, attorneys, successors, and assigns of any of them, and all other persons in active concert or participation with, through, or under Defendants are hereby permanently restrained and enjoined from using any trade practice whatsoever, including those complained of herein, which tend to unfairly compete with or injure 3M's business or goodwill.

I.     In the event that either of the Defendants violates any of the terms or conditions of this Consent Judgment or the Settlement Agreement, 3M will be irreparably harmed and entitled to preliminary injunctive relief, as well as such other relief as is available whether in law or in equity, to prevent any further violation of any of the provisions of this Consent Judgment or the Settlement Agreement hereof, and 3M will be entitled to recover its attorneys' fees associated with obtaining such relief.

J.     No appeal shall be taken by any party from this Judgment, the right to appeal being expressly waived by all parties.

K.     This Judgment shall finally conclude and dispose of all claims and counterclaims of all parties with prejudice.

L.     Each party shall bear its own costs and attorneys' fees.

M.     Final judgment shall be entered pursuant hereto, without further notice.

The Clerk is directed to enter this final judgment forthwith.

ORDERED this 12th day of July, 2010.

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge

Agreed as to form and substance:


3M INNOVATIVE PROPERTIES
COMPANY AND 3M COMPANY

By their attorneys,


Dated: _____7/7/2010_____

s / Hildy Bowbeer_____
Hildy Bowbeer (Reg. No. 0063691
Kevin H. Rhodes (Reg. No. 0318115)
3M INNOVATIVE PROPERTIES
COMPANY
3M Center
P.O. Box 33427
St. Paul, Minnesota 55133-3427
Telephone: (651) 737-3194


JEFF & COMPANY, LLC,
d/b/a Deck the Rails

By:

Date: _____7/06/2010_____

s / Jeffrey A. Jackson_____
Jeffrey  A. Jackson